## HATHAWAY vs. FULLERTON.

### APPEAL FROM CIRCUIT COURT, MILWAUKEE COUNTY.

Heard April 23.]　　　　　　　　　　　　[Decided June 4, 1860.

*Judgment—Parties—Ejectment.*

Where a party had been joined as a defendant to an action of ejectment, but before
 service and appearance, the action was discontinued as to him, and judgment
 taken against the other defendant, such judgment does not conclude the first
 party ; and he has no right to insist on being made a party to the suit.

This was an action commenced by the plaintiff against
the defendant, and one Herbst, to recover certain real estate
in Milwaukee county. Herbst was then in actual possession
of the land, and Fullerton was a non-resident of the State of
Wisconsin. The summons and complaint, which was sworn
to and had the usual affidavit attac.ied, were in the usual
form, claiming title to the land in suit in fee, and were served
on the defendant, Herbst, personally, on February 14th, 1859.
February 15th, 1859, an order was made by the court, direct-
ing service of the summons to be made on the defendant,
Fullerton, by publication. Copies of the summons and com-
plaint were mailed to Fullerton March 2, 1859, but on March
11, 1859, before service of the summons upon Fullerton, that
is to say : Before the period of publication of said summons
had expired, and before Fullerton had appeared in the case,
the action was discontinued as against him by an order of
discontinuance in the circuit court, and by written notice of
such discontinuance to Fullerton. March 14, 1859, the re-
maining defendant, Herbst, having failed to appear, such pro-
ceedings were had, that a judgment by default was regu-
larly entered in the circuit court in favor of the plaintiff, and
appellant, against said defendant, Herbst.

 ・ On March 18, 1859, the respondent, Fullerton, filed his pe-
tition to open the judgment and permit him to defend the suit,
and obtained an order to show cause why the petition should
not be granted. The order was continued until November
19, 1859. In the mean time execution was issued upon the
judgment, and Herbst was turned out, and Hathaway put into

possession of the premises.  On the 19th November, the circuit court made the following order:

" And now at this day the court being well and sufficiently advised of and concerning the application of the defendant, Fullerton, to open the judgment, and for leave to come in and defend, &c., it is ordered that said motion be allowed, and that said judgment and the order of discontinuance as to the defendant, Fullerton, be and is hereby set aside as irregular, and all subsequent proceedings be set aside, and that defendant, Fullerton, have twenty days to answer."

From that decision and order this appeal is taken.

*Waldo, Ody & Van,* for the appellant.

*Ogden, Brown & Ogden,* for the respondent.


*By the Court,* PAINE, J.   The order appealed from must be reversed.  After the plaintiff had discontinued as to Fullerton, the suit stood as though it had originally been commenced against Herbst alone.   And in this position it proceeded to judgment and execution, and the premises were delivered to the plaintiff.   Now if Fullerton had been concluded, or barred in any way by this judgment, it would have been a proper case for the court to relieve him by opening the judgment and permitting him to come in and defend. But he was not.   Any right that he had could be fully protected by a new suit, in which he would be plaintiff.   Under these circumstances, we cannot see that he had any right to insist on being made a party to the first suit, after the judgment in it had been fully executed.   Even if he had prevailed, it is difficult to see how he could have obtained possession without a new action of ejectment, and we think this was his proper remedy in the first instance.

The order appealed from in this case, and also the one in the case of Jane L. Andrews and others, appellants, against the same defendants, depending on the same question, are reversed with costs.